Mark Stromberg, Esquire
Texas Bar No. 19408830
STROMBERG STOCK, PLLC
Campbell Centre I
8350 N. Central Expressway, Suite 1225
Dallas, TX  75206
Telephone:  (972) 458-5353
Facsimile:   (972) 861-5339
mark@strombergstock.com

Attorneys for Plaintiff, American Express National Bank

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:   URSULA GABRIELA GODOY-REYNA,<br><br>                              Debtor.<br>_____/<br>AMERICAN EXPRESS NATIONAL BANK,<br><br>                              Plaintiff,<br><br>            v.<br><br>URSULA GABRIELA GODOY-REYNA aka<br>URSULA GODOY,<br><br>                              Defendant.<br>_____/ | Case No. 23-31829-sgj7<br>Chapter 7<br><br><br><br>Adv. Proc. No. |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff, American Express National Bank ("American Express"), by and through its counsel, hereby represents as follows:

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 157(a), (b)(1), (b)(2)(I) (core proceeding), § 1334(b), 11 U.S.C. § 1328(a) and 11 U.S.C. § 523(c).

2. In accordance with Fed. R. Bankr. P. 7008, American Express consents to the entry of final orders and judgments by this Court.

3. On August 23, 2023, the Defendant, Ursula Gabriela Godoy-Reyna aka Ursula Godoy ("the Defendant") filed a Chapter 7 petition, commencing the above case.

4. American Express is the holder of a claim against the Defendant arising from American Express card account number xxxx-xxxxxx-x2009 ("the Account").

5. The Account was opened by the Defendant on or around April 10, 2017.

6. The balance on the Account as of the date of the filing of the Chapter 7 petition was $29,401.81.

7. The terms and conditions of the Account Agreement between Defendant and American Express calls for the payment of all costs, including reasonable attorneys' fees, expended by American Express in the collection of the Account, which is hereby requested in the following counts.

## **FIRST COUNT**

8. Paragraphs 1 through 7 are hereby repeated and incorporated.

9. Between January 24, 2023 and April 20, 2023, the Defendant incurred sixty-three (63) charges totaling $25,518.51 on the Account for goods and services.

10. Of the charges referenced in Paragraph 9, one (1) charge in the amount of $4,068.34 was incurred at GIGANTE AUTO GROUP LLC in Dallas, TX.

11. Of the charges referenced in Paragraph 9, one (1) charge in the amount of $2,779.84 was incurred at NEBRASKA FURNITURE in Omaha, NE.

12. Of the charges referenced in Paragraph 9, one (1) charge in the amount of $2,842.27 was incurred at FASHIONPHILE in Carlsbad, CA.

13. Of the charges referenced in Paragraph 9, seven (7) charges totaling $2,578.01 were incurred at AMAZON MARKETPLACE in WA.

14. Of the charges referenced in Paragraph 9, five (5) charges totaling $1,472.49 were incurred for Lowes/Home Depot.

15. Of the charges referenced in Paragraph 9, four (4) charges totaling $1,320.91 were incurred at Target.

16. Of the charges referenced in Paragraph 9, two (2) charges totaling $1,185.00 were incurred for spa/massage.

17. Of the charges referenced in Paragraph 9, one (1) charge in the amount of $1,000.00 was incurred at US TREASURY TAX PAYMENT and one (1) charge in the amount of $18.50 for a related service fee. Together, these charges total $1,018.50.

18. Prior to incurring the transactions referenced in Paragraph 9, the Account had a balance of $3,253.15 and was paid down to $2,753.15.

19. One (1) payment in the amount of $252.82 was submitted towards the charges at issue on March 18, 2023.

20. The Account was credited $312.26.

21. Payments and credits are applied in accordance with the terms and conditions of the Account Agreement between American Express and the Defendant for the Account.

22. The terms and conditions of the Account Agreement between the Defendant and American Express call for a minimum payment of the charges due on the Account upon receipt of the monthly billing statement.

23. Attached hereto as Exhibit "A" is the relevant portion of the account statements for the Account which reflect the charge activity alleged in this Complaint.

24. By using the Account, the Defendant agreed to be bound by the terms and conditions of the Account Agreement.

25. Each time the Defendant made a charge on the Account, she represented to American Express that she had the intent to repay the debt in accordance with the terms and conditions of the Account Agreement.

26. According to Schedule F of the Debtor's bankruptcy petition, she has $105,550.57 in unsecured, non-priority debt, approximately $104,273.00 of which appears to be credit/charge card and/or line of credit debt.

27. According to Schedule I of the Debtor's bankruptcy petition she has a monthly net income of $7,781.28.

28. According to Schedule J of the Debtor's bankruptcy petition, she has monthly expenses totaling $7,711.35; this figure does not include payment on any credit/charge card debt.

29. American Express asserts that, at the time the Defendant incurred the charges on the Account, subjectively, the Defendant did not intend to honor her obligation to American Express to satisfy the Account.

30. The Defendant has a certain level of financial sophistication as evidenced by the fact that she makes payments for a mortgage, makes payments for a vehicle, pays life and auto insurance, utilities and other household bills, and has maintained and used multiple credit/charge card accounts.

31. The Defendant used the Account for multiple charges on sixteen (16) separate days.

32. The Defendant obtained the goods and services charged on the Account through representations which she either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

33. The Defendant made the misrepresentations with the intention and purpose of deceiving American Express so that American Express would extend credit that would enable her to charge goods and services on the Account.

34. At the time of posting the above-referenced charges to the Account, the Defendant was a cardmember in good standing with American Express, such that, American Express justifiably relied on the Defendant's misrepresentations as to her intent to repay.

35. As the proximate result of extending credit based on the Defendant's misrepresentations, American Express has sustained loss and damage in the amount of $24,953.43 on the Account.

36. A portion of the balance on the Account in the amount of $24,953.43 was incurred by the Defendant with knowledge of her inability to repay it.

37. A portion of the balance on the Account in the amount of $24,953.43 was incurred by the Defendant without the intent to repay it.

38. A portion of the balance on the Account in the amount of $24,953.43 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

39. For the reasons above, a portion of the balance on the Account in the amount of $24,953.43 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## SECOND COUNT

40. Paragraphs 1 through 39 are hereby repeated and incorporated.

41. As noted above, the Defendant made one (1) charge in the amount of $1,000.00 to US TREASURY TAX PAYMENT and one (1) charge in the amount of $18.50 for a related service fee. Together, these charges total $1,018.50.

42. American Express asserts that the charges at issue in Paragraph 41 were incurred to pay federal income taxes to the United States that would be nondischargeable pursuant to 11 U.S.C. §523(a)(1).

43. Pursuant to 11 U.S.C. §523(a)(14), the charges referenced in Paragraph 41 are excepted from discharge.

44. As noted above, the terms and conditions of the Account Agreement between the Defendant and American Express call for a minimum payment toward the charges due on the Account upon receipt of the monthly billing statement.

45. As noted above, prior to incurring the transactions referenced in Paragraph 41, the Account had a balance of $3,253.15 and was paid down to $2,753.15.

46. As noted above, one (1) payment in the amount of $252.82 was submitted towards the charges at issue on March 18, 2023.

47. As noted above, the Account was credited $312.26.

48. As noted above, payments and credits are applied in accordance with the terms and conditions of the Account Agreement between American Express and the Defendant for the Account.

49. As noted above, attached hereto as Exhibit "A" is the relevant portion of the account statements for the Account which reflect the charge activity alleged in this Complaint.

50. American Express has sustained loss and damage on the Account in the amount of $1,018.50.

51. For the reasons above, a portion of the balance on the Account in the amount of $1,018.50 is nondischargeable pursuant to 11 U.S.C. §523(a)(14).

*[This space was intentionally left blank]*

WHEREFORE, Plaintiff, American Express National Bank, prays this Honorable Court for a nondischargeable judgment pursuant a nondischargeable judgment pursuant to 11 U.S.C. §523(a)(2)(A) against Defendant, Ursula Gabriela Godoy-Reyna aka Ursula Godoy, in the amount of $24,953.43, and a nondischargeable judgment pursuant a nondischargeable judgment pursuant to 11 U.S.C. §523(a)(14), against Defendant, Ursula Gabriela Godoy-Reyna aka Ursula Godoy, in the amount of $1,018.50; plus reasonable attorneys' fees and costs and for any such further relief as the Court may deem appropriate.

Respectfully submitted,

Attorneys for Plaintiff

Dated:  11/15/2023      By:  */s/ Mark Stromberg*
Mark Stromberg (TX Bar No. 19408830)
STROMBERG STOCK, PLLC
Campbell Centre I
8350 N. Central Expressway, Suite 1225
Dallas, TX  75206
Telephone: (972) 458-5353
Facsimile:   (972) 861-5339
Email:  mark@strombergstock.com